## PECK v. McKEAN.

1. **Evidence:** ADMINISTRATOR: SERVICES.  In an action against an administrator to recover upon an implied contract for services rendered the deceased, the plaintiff cannot be permitted to testify to the facts which would raise an implied promise.

2. ——: OBJECTION: GROUNDS OF.  When objection is made to the admission of evidence the grounds of objection must be stated, or the ruling will not be reviewed on appeal.

*Appeal from the Linn Circuit Court.*

THURSDAY, DECEMBER 7.

PLAINTIFF filed in the Circuit Court a claim against the estate of which defendant is executor, based upon an account for personal services rendered by her to the deceased in his lifetime.  The defendant denied the claim, and the issue joined

thereon was submitted to a jury, and a verdict and judgment had for defendant. Plaintiff appeals.

*Thompson & Davis*, for appellant.

*J. B. Young*, for appellee.

BECK, J.—The only question presented for our consideration in this case involves the correctness of the court's rulings upon the admissibility of evidence, and the sufficiency of the evidence to support the verdict. They demand only brief consideration.

I. The plaintiff offered her own evidence in the case to show the work done by her for the deceased, and its character.

1. EVIDENCE: administrator: services. The evidence was rejected, of which plaintiff now complains.

No express contract was shown between plaintiff and deceased. The estate is liable, if at all, upon an implied contract. Such a contract may be established by showing the amount and character of the work done with the knowledge and assent of the deceased, its value, etc. The evidence offered by plaintiff was intended to establish an implied contract, and thus fix defendant's liability. This contract, if established, would be based upon the personal relations and transactions between the parties. The performance of the labor by plaintiff, assent thereto, or other facts which would raise an implied promise of deceased to pay for it, would amount to a personal transaction between them. But a party to an action cannot be permitted to give evidence in order to establish such a transaction, when the adverse party is an administrator, executor or heir at law. Code, Sec. 3639. The evidence was properly excluded.

For the same reason the court properly excluded plaintiff's evidence establishing the non-payment of money advanced by her on account of the deceased, which was a part of the claim in the case.

II. The defendant was permitted to read in evidence a

clause of the will of deceased, and an account filed against the

2. ——:objec-tions:grounds of. estate by the sister of plaintiff for services similar to those charged in plaintiff's account. Two witnesses were permitted to testify that "from appearances they judged" plaintiff was living as one of the family of deceased, at the time she performed the services charged in her account. When the evidence was offered plaintiff objected to its introduction, but assigned no ground for the objection. When exceptions are taken to the admission or exclusion of evidence. the grounds of objection must be stated, otherwise the ruling cannot be reviewed here. Code, Sec. 2832. It is difficult to see any sufficient support for the court's rulings, but in obedience to this statute we must refrain from an attempt to correct the error therein, if there be any.

III. It is insisted that the evidence fails to support the verdict. The evidence is contradictory, and the preponderance may be in favor of plaintiff, but there is no such absence of proof on the side of defendant as to authorize the inference that the verdict was not the result of an intelligent and unbiased exercise of discretion on the part of the jury. We cannot, therefore, disturb the judgment.

AFFIRMED.