Wilson v. Wilson.

WILSON v. WILSON.

1. **Services:** IMPLIED CONTRACT: PARENT AND CHILD. Facts considered which were held insufficient to support the claim of a son to compensation for services alleged to have been rendered his parents.

2. **Evidence:** ADMINISTRATOR: SERVICES. In an action against an administrator, to recover for services rendered his intestate, the plaintiff cannot be permitted to testify to facts raising an implied promise to pay.

*Appeal from Van Buren Circuit Court.*

THURSDAY, OCTOBER 9.

PLAINTIFF filed a claim in the Circuit Court, against the estate of his father, of which defendant is administrator, for $3,200 on account of services rendered in taking care of decedent and his wife, and for services in taking care of the farm of intestate for sixteen years, ending September, 1876, and for $60 cash loaned in 1861.

The court refused to allow the claim, and from this action plaintiff appeals.

*Rutledge Lea,* for appellant.

*Work & Brown* and *Ben. Johnson,* for appellee.

BECK, CH. J.—I. In 1861 the plaintiff, at that time a widower, took up his abode with his aged parents. The father owned a
1. SERVICES: farm to which the son subsequently gave attention
implied con-
tract: parent and care, farming it one or two years and after-
and child. ward renting it, and disposing of the products and

stock. He does not appear to have been an industrious and prosperous farmer. The farm yielded a living to the parents and the son, and little if anything more. The parents were old, the father infirm and of weak mind. The mother at least of ordinary strength and health for a person of her age. The father did but little work, the mother appears to have been quite active and useful for much of the time after plaintiff went to live with his parents. No contract is shown by which the father became bound to pay plaintiff for his services. Considering the relation of the parents, the fact that plaintiff was a member of his father's family and received support therein, and the absence of any circumstances authorizing the conclusion that the services were rendered in the expectation of either party that compensation should be rendered therefor, the law will raise a presumption that they were gratuitously rendered by the son. *Scully v. Scully,* 28 Iowa, 548.

II. We are satisfied too, from a careful consideration of the evidence, that plaintiff's support which he received while with his parents, and other advantages which he reaped from having a home with them, were in value equal to the services he rendered. Plaintiff fails, too, to establish his claim for money loaned.

III. The plaintiff was a witness in his own behalf, and proposed to testify as a foundation of an implied contract, " to facts

2. EVIDENCE: connected with the condition of his father, his age,"
administrator: services. etc. The evidence was rightly rejected under the rule recognized in *Peck v. McKean,* 45 Iowa, 18, and *Smith v. Johnson,* Id., 308.

No other questions are presented in the case. The judgment of the Circuit Court is

AFFIRMED.