COWAN v. MUSGRAVE, EX'R.

1. **Evidence**: PERSONAL TRANSACTION WITH ONE DECEASED. In an action by a daughter against her father's executor, for work done for her father in his life-time, while a member of his family, *held* that, under § 3639 of the Code, plaintiff could not be allowed to testify as to the kind of work she performed for her father, and whether she expected compensation therefor. (Compare *Peck v. McKean*, 45 Iowa, 18.)

2. ———: RECITATION IN WILL TO NEGATIVE LIABILITY OF TESTATOR FOR SERVICES OF CHILD. In such action, *held* that a will made by the father after the services had been performed, in which he bequeathed to each of his children, including the plaintiff, fifty dollars, and otherwise disposed of the residue of his property, was relevant to no issue in the case, and should have been excluded, when offered by the defendant.

3. ———: PRACTICE: RECALLING WITNESS AFTER EVIDENCE CLOSED. Where a good reason is shown why a material question was not asked a witness upon the examination, the court in its discretion ought to allow him to be recalled, even after the evidence is closed, when it does not appear that the other party will be wronged thereby.

4. **Domestic Relations**: COMPENSATION FOR SERVICES BY MEMBER OF FAMILY. Ordinarily, and without more, where one person renders services for another, which are known to and accepted by him, the law implies a promise on his part to pay therefor. But where it is shown that the person rendering the service is a member of the family of the person served, and receiving support therein, either as a child, a relative, or a visitor, a presumption of law arises that the services were gratuitous; and in such case, before the person rendering the services can recover, the express promise of the party served to pay therefor must be shown, or such facts and circumstances as will authorize the jury to find that the services were rendered in the expectation by one of receiving, and by the other of making, compensation therefor. (*Scully v. Scully's Ex'r*, 28 Iowa, 548, followed. Compare, also, *McGarvey v. Roods, ante*, p. 363.)

*Appeal from Harrison District Court*—HON. G. W. WAKE-FIELD, Judge.

MONDAY, DECEMBER 12.

THIS is an action by Agnes J. Cowan to recover for work and labor alleged to have been performed by her for Richard Musgrave, deceased, of whose estate the defendant, George

Musgrave, is executor.   There was a trial by jury, and a verdict and judgment for the defendant.   Plaintiff appeals.

*L. R. Bolter & Sons,* for appellant.

*S. H. Cochran,* for appellees.

ROTHROCK, J.—I.   The plaintiff is a daughter of Richard Musgrave, deceased.   She claims that she attained her majority in the year 1859, and was at that time a member of her father's family; that she continued to be a member of the family until September, 1884, and that during all that time she worked and labored continuously for her father, performing nearly all of the household duties, including the washing, making and mending, caring for her father when ill, and, in addition thereto, fed the stock, consisting of cattle, horses and hogs, both in winter and in summer, and frequently, and mainly with her own hands, prepared the fuel necessarily used in doing the cooking, and warming the rooms in which she and her father resided; that decedent frequently told plaintiff that he would pay her a reasonable compensation for her services, but the exact dates of said promises she is unable to state; that decedent expected to compensate plaintiff, and that plaintiff expected compensation for her services, and relied thereon during the entire time she worked for decedent as aforesaid.   The defendant denies the averments of the petition generally, and especially those relating to the alleged contract for payment for the alleged services, and averred that plaintiff lived with decedent as a member of his family, and was clothed and supported by him, and did not expect payment for her services, and that decedent neither promised nor expected to pay the plaintiff anything for her services.   Defendant also pleaded the statute of limitations.

The evidence taken upon the trial shows quite conclusively that the plaintiff performed the service as alleged; that she was a most diligent and faithful laborer, both in the house

*1. EVIDENCE: personal transaction with one deceased.*

and field; and a number of witnesses testified that the decedent had stated to them during the time that the service was being performed that he would provide or recompense or pay the plaintiff for her labor. Some of these declarations appear to have been to the effect that provision would be made for the plaintiff for her labor in the final disposition of the decedent's estate; but other statements of a purpose to pay do not appear to have reference to that event. The plaintiff was a witness in her own behalf, and her counsel asked her to state the kind of work she performed for her father, and whether she expected compensation therefor. The questions were objected to, and the objections were sustained. The plaintiff claims that these rulings were erroneous. We do not understand counsel to claim, in argument, that it was. competent to prove by the plaintiff that she expected compensation for her labor. There can be no question that she could not be allowed to give evidence which would tend to prove a contract between herself and her father, the action being against his executor, (Code, § 3639,) and we think that evidence of the kind and character of work done should be regarded as coming within the prohibition of the statute. Such appears to have been the rule announced by this court in *Peck v. McKean*, 45 Iowa, 18. We think these rulings of the court were correct.

II. Richard Musgrave made a will in the month of June, 1885, and after the plaintiff had left home and married. The

2. ——: recitation in will to negative liability of testator for services of child.

defendant offered the will in evidence, and it was admitted as such, over the plaintiff's objection. It appears from the will that the testator bequeathed to each of his children, including the plaintiff, the sum of $50, and to the children of his son George Musgrave all the residue of his estate. It is not stated in the record upon what ground, or for what purpose, the will was admitted in evidence. It must have been for the purpose of showing that the decedent had no intent or expectation to pay the plaintiff for her services. It surely

could not have been intended to show thereby that the plaintiff was paid for her labor by the legacy of $50. We cannot conceive of any fact in issue between the parties which the will would be competent to prove. If the decedent was liable to pay the plaintiff for her labor by acts and declarations amounting to a contract, he could not escape liability, nor exonerate his estate from making payment, by any recital in his will; especially when made after the service was performed. We think the will should not have been admitted in evidence.

III. After the evidence was closed, the plaintiff asked leave to recall a witness for the purpose of propounding to her the following question: "State if some time in September, twelve years ago, at the house of Richard Musgrave, now deceased, and in the presence and hearing of the witness and one Noah Bolter, and of the plaintiff, the decedent, Musgrave, did not then and there protest against the marriage of his daughter, the plaintiff, to any one, and there and then, in the presence and hearing of these parties, state that Agnes (meaning the plaintiff) must not get married; that she must stay at home and care for him and her mother in their old age; that he had abundance of property to compensate her for her services, and that she should be amply and fully paid." The defendant objected to recalling the witness, on the ground that the case was closed, and it was a reopening of the case on the part of the plaintiff's counsel. The objection was sustained. The plaintiff complains of this ruling of the court. As the judgment must be reversed for the error in admitting the will in evidence, it is unnecessary to determine this question, as it will not likely arise upon a new trial. We may say, however, that as defendant did not object to the question as leading, and as no claim was made that an answer to the question adverse to the defendant would have taken him by surprise, as not being then prepared to meet it, and as what seems to be a good reason was given for the omission to ask

the question of the witness when first examined, we incline to think the court, in the exercise of its discretion, should have allowed the witness to be recalled. It was not claimed that an answer favorable to the plaintiff would have been incompetent evidence in the case. Indeed, it is apparent that it would have been an important item of evidence on the very matter in issue between the parties.

IV.   Counsel for the respective parties do not agree as to the facts necessary to be established to enable a child to recover of a parent for labor performed by the child after arriving at the age of majority. The true rule appears to us to be well stated in *Scully v. Scully's Ex'r*, 28 Iowa, 548, as follows: "Ordinarily, and without more, where one person renders services for another which are known to and accepted by him, the law implies a promise on his part to pay therefor. But where it is shown that the person rendering the service is a member of the family of the person served, and receiving support therein, either as a child, a relative or a visitor, a presumption of law arises that such services were gratuitous; and in such case, before the person rendering the service can recover, the express promise of the party served must be shown, or such facts and circumstances as will authorize the jury to find that the services were rendered in the expectation by one of receiving, and by the other of making, compensation therefor." And in Schouler's Domestic Relations it is said that the presumption that the parties do not contemplate payment for such services, " may be overthrown by proof of an express or implied contract; an implied contract being proven by facts and circumstances which show that the parties, at the time the services were performed, contemplated or intended pecuniary recompense." As the plaintiff insists that the instructions are erroneous, we have thought it proper to give what we regard as the law applicable to the case; and we may say, further, that the fourth instruction, of which plaintiff complains, is in part in the

*1. DOMESTIC relations: compensation for services by member of family.*

same language as the above quotation from *Scully's Case*, and we do not think that any part of the instruction is inconsistent therewith.

For the error above pointed out, the judgment of the district court will be

REVERSED.