## SPITZMILLER V. FISHER.

**Domestic Relations:** DAUGHTER WORKING AS MEMBER OF FAMILY: COMPENSATION. Plaintiff, from the age of twenty-two to the age of twenty-eight, was unmarried, and lived with her father, mother and three brothers in the same house, and they were all engaged in market-gardening. At the end of this time the plaintiff was married and ceased to be a member of the family. At this time their joint earnings amounted to about fifteen hundred dollars, which was used in part payment of a farm, the title of which was made to the three brothers, but possession was taken by them together with the father and mother. Afterwards the parents died, and one of the brothers, having bought the interests of the other two, himself died, and plaintiff now claims that part of the money originally put into the land was hers, and she seeks to recover therefor of the administrator of the deceased brother. *Held* that she could not recover, because she failed to show any contract for compensation for her services while a member of her father's family; and, in the absence of such contract, the law presumes that there was to be no compensation, and will grant her none. (Compare *Cowan v. Musgrave*, 73 Iowa, 384.)

*Appeal from Des Moines District Court.* — HON. CHARLES H. PHELPS, Judge.

FILED, MAY 10, 1889.

THE defendant is the administrator of the estate of Philip Thoman, deceased. The plaintiff presented a claim for seven hundred dollars against the estate. The defendant denied that anything was due the plaintiff. A trial was had to the court without a jury. There was a judgment for the defendant for costs. Plaintiff appeals.

*A. H. Stutsman*, for appellant.

*T. B. Snyder*, for appellee.

ROTHROCK, J.—In the year 1862 the plaintiff, who was then twenty-two years of age and unmarried, lived

in the same house, and as a member of a family composed of herself, her father and mother and three brothers. They were engaged in market-gardening, near the city of Burlington. They continued in that business until 1868, when their joint savings, amounting to some fifteen hundred dollars, were used in part payment for a farm which they purchased, and the conveyance thereof was made to the plaintiff's three brothers, named Philip Thoman, Joseph Thoman and Leo Thoman. The plaintiff married in 1868, and soon thereafter ceased to be a member of the family. The farm was taken possession of by the three sons, and the father and mother, and some time thereafter Philip Thoman purchased the interest of his brothers. The mother resided on the farm until she died, and the father after that continued to live with the son Philip until the latter died. A short time before his death, Philip sold the farm, and at his death was worth about two thousand dollars. Plaintiff was the eldest of the children ; Philip was next in age, and was the business manager for the whole family. It will be seen that, if the claim of the plaintiff is to be regarded as an ordinary money demand for work and labor, it has long since been barred by the statute of limitations. It is claimed, however, that though the title to the farm was taken in the name of the plaintiff's brothers, yet that, by reason of having earned a part of the money paid therefor, the plaintiff had a joint interest in the farm, and that the sale of the land, and the appropriation of the money by her brother Philip, was a wrongful conversion of her share of the proceeds of the farm, and that the statute did not commence to run until the money was wrongfully converted. But to sustain this claim it must be made to appear that part of the money which was paid for the farm was in fact and law the money of the plaintiff. This depends upon whether her work and labor were done and performed under an agreement or expectation that she should be paid therefor. If she performed the services without such contract she had no legal claim to the money, nor to

the land, and, as she was a member of the family composed in part of her father and mother, the presumption is that there was no such agreement or understanding. *Cowan v. Musgrave,* 73 Iowa, 384. The fact that the title to the farm was taken in the name of the three brothers, and was thus allowed to remain for some eighteen years without any claim being made by the plaintiff that she was part owner of it, or the owner of part of the proceeds after it was sold, tends strongly to show that there was no contract nor understanding that she was to be paid for her labor, and fully authorized the district court in so finding. There is no evidence of an expressed contract with reference to the plaintiff's services, and we think the judgment of the district court must be    AFFIRMED.