DANIEL MARIETTA v. J. C. MARIETTA, Administrator, Appellant.

Transactions with Decedent: COMPETENCY OF WITNESS. Plaintiff may testify on a claim against the estate what the decedent's condition was and as to the care and attention required by him. (1)

Claim of Child for Service to Parent. When an adult son has ceased to be a member of the family, returns when his parents become unable to care for themselves, attends to them wholly for years and rents the farm where they live of the father, a finding that the services were rendered with the expectation on part of plaintiff and intent on part of the deceased parent that they should be paid for, will not be disturbed. *Wilson v. Wilson*, 52 Iowa, 44; *Peck v. McKean*, 45 Iowa, 18, and *Smith v. Johnson*, 45 Iowa, 308, *distinguished.* (2)

*Appeal from Warren District Court.*—HON. J. H. HENDERSON, Judge.

THURSDAY, FEBRUARY 1, 1894.

THIS is a proceeding in probate. The matter involved is a claim against the estate of Uriah Marietta, deceased, presented by the plaintiff. The claim was resisted by the administrator, and a trial was had before the court without a jury, and the claim was allowed, to the extent of five hundred and twenty dollars. The defendant appeals.—*Affirmed.*

*McGarry & Brown* for appellant.

No appearance for appellee.

ROTHROCK, J.—I. The plaintiff is a son of the deceased, and the claim is for personal services rendered by the plaintiff to his father in his lifetime. There is no question made that services were actually rendered. The only real controversy is whether the relations of the parties toward each other were such that the court was authorized by the evidence to find that the

services were performed with the expectation on the part of the plaintiff, and the intention on the part of the deceased, that payment was to be made therefor. This was the ultimate question. It is claimed by counsel for the appellant that the court erred in admitting testimony of the plaintiff consisting of personal transactions between the plaintiff and the deceased, which testimony was incompetent under section 3639 of the Code. It appears from evidence, the competency of which is not in question, that Uriah Marietta lived on a farm, of which he was the owner. His wife died in the year 1888, and he died in the year 1890. For some eight years before the death of Uriah Marietta, the plaintiff, with his child—a boy now thirteen or fourteen years old—lived in the same house with his father and mother, and no other persons resided therein. The plaintiff had not always lived at his father's home. He took up his residence there, with his boy, a few years before his father's death. For about eight years before the death of the father, he was afflicted with a cancer, which finally caused his death. The testimony of other witnesses in the case shows that for some two years before his death he required constant care and attention. The disease first manifested itself on his nose, and as it progressed it affected his mouth and throat to such an extent that toward the close of life he had to be fed. He had fainting spells. He required constant care and attention. The plaintiff gave this attention personally; did the cooking and housework. The evidence shows that a reasonable compensation for the services rendered would exceed the amount allowed by the court. The plaintiff was called as a witness in his own behalf, and he was permitted, over the objection of the defendant, to describe the condition of the deceased during the progress of the disease, and the care and attention he required. It appears that the court was careful not to permit the

plaintiff to testify as to what services he rendered to his father, and the examiner of the witness did not seek to prove by the witness what services he performed. In the course of the examination of the witness the court made the following remark: "The witness will be directed to state what was the fact as to his condition, but not what he did or was required to do himself; just as to his condition—as to how he had to be taken care of." As thus limited, the evidence was competent. The object of the statute under consideration is to prevent a party or person interested in a suit from having the advantage of testifying to personal transactions or communications against an adversary whose lips are sealed by death and can not answer. The application of the statute to the various states of facts presented by cases is attended with no little difficulty. It is not easy to define just what amounts to a personal transaction, within the meaning of the statute. It is held in *Peck v. McKean*, 45 Iowa, 18, and in *Smith v. Johnson, Id.* 308, that in a case like this the plaintiff can not testify in his own behalf that he performed labor for the deceased, and that he had received no compensation therefor. As we have seen, the court, in the case at bar, directed that the witness should not testify to any such facts. It is claimed, however, that the testimony of the witness was within the statute under the rule of the case of *Wilson v. Wilson*, 52 Iowa, 44, 2 N. W. Rep. 615. The opinion in that case, so far as it involves this question, is in these words: "The plaintiff was a witness in his own behalf, and proposed to testify, as a foundation of an implied contract, to facts connected with the condition of his father, his age, etc. The evidence was rightly rejected under the rule recognized in *Peck v. McKean*, 45 Iowa, 18, and *Smith v. Johnson, Id.* 308." It does not appear what was embraced in the "and so forth," in the opinion in that case. As the two cases

above cited are referred to, the whole evidence must have related to facts from which a contract might be implied. In the case at bar no contract could be implied from the testimony of the plaintiff.

II. There is but one other question which we think demands attention: It is claimed that the evidence does not show that the service was performed with the expectation of receiving payment therefor, and that there is no showing that it was the intention of the deceased that the plaintiff should be rewarded for his labor. We doubt very much whether the familiar rule of the law that where a son or daughter remains under the parental roof, and works and labors as one of the family, after arriving at the age of majority, the presumption is that the services are gratuitously rendered, applies to the facts disclosed in evidence. In the case at bar the plaintiff had gone out into the world, and ceased to be a member of his father's family. He returned to his aged parents when they were unable to care for themselves. He rented the farm, and, as far as the evidence shows, he paid the rent to his father. The learned judge who tried the case made a special finding of facts, in which he found that, under the evidence above referred to, and the other facts in the case, the services were rendered with the expectation of the deceased and the plaintiff that the plaintiff should receive compensation therefor. We need not set out the evidence in detail. We think a fair consideration thereof authorizes the conclusion reached by the district court. AFFIRMED.