IN RE ESTATE OF WILLIAM KAHL.

MRS. FERDINAND KOEPKE, Appellee, v. THEODORE ROHWER, Executor, Appellant.

No. 40267.

904

September 22, 1930.

*P. J. Klinker* and *L. W. Powers,* for appellant.

*Clark & Clark* and *Sims & Page,* for appellee.

WAGNER, J.—In the first count of her petition, the claimant alleges, in substance, that, on the 2d day of December, 1923, she entered into an oral contract with the decedent, by which he agreed to pay her $1,500 per year, said amount to be paid at

decedent's death, provided she would furnish him during his lifetime with one warm meal a day at the place of his residence until the time of his decease, and act as practical nurse for him at his home during said time; that she fully performed her part of the contract; and that, by reason thereof, there is due her the sum of $6,000.

In the second count, she alleges, in substance, that, on and between the 3d day of December, 1923, and the 26th day of November, 1927, she furnished to the deceased, at his special instance and request, certain services and meals, as shown by the statement of account thereto attached as an exhibit, and constituting a part thereof; that said services consisted of caring for the deceased as a practical nurse and attending to his personal needs and wants during said period of time; that the fair and reasonable value of said services thus rendered, and the meals thus furnished to the decedent, as shown by said exhibit, was the sum of $1,500 per year, or a total sum of $6,000.

The decedent was a bachelor, advanced in age. During the latter years of his life, he lived in a two-room shack in the town of Schleswig. He was afflicted with rheumatism to such an extent that it was difficult for him to move about, and was also suffering from a hernia. The claimant is a married woman, whose husband is living, and she has a family. On December 2, 1923, the decedent appeared at the claimant's home, about two and one half blocks from his shack. There is testimony from which the jury could have found that, on the occasion of this visit, the contract, as alleged by the plaintiff in Count 1, was entered into. There is also testimony to the effect that the claimant furnished meals and rendered services to the decedent as alleged.

The court submitted both counts to the jury, and also a special interrogatory as to whether the claimant and decedent made an oral agreement by which the latter was to pay the former $1,500 per year for furnishing him meals and caring for him, as set forth in Count 1 of the claim. The jury answered this special interrogatory in the negative, but found for the claim on Count 2 upon *quantum meruit* in the amount of $3,000. The appellant filed a motion for a new trial, including exceptions to instructions given and one which was requested and not fully given. This motion was overruled.

At the close of all the evidence, the appellant moved for a directed verdict upon Count 2, for the alleged insufficiency of the evidence to support a verdict upon said count. This motion was overruled, and said ruling was urged as error in the motion for a new trial, and is now urged as error in this court. From a careful reading of the record, it is apparent that there was ample evidence to sustain a verdict based upon the allegations of Count 2, and appellant's contention in this respect is devoid of merit.

We detect nothing in the record indicating that the verdict is the result of passion and prejudice, as asserted by the appellant. There is no merit in appellant's contention at this point.

It is shown by the record that, on March 2, 1927, the claimant and her husband executed unto the decedent their note for $100, due six months after date. The appellant asked the court  to instruct the jury that, by reason of the execution of said note by the claimant to the decedent, the law presumes that a settlement was made between the parties as of that date, and that there could be no recovery by the claimant for services rendered prior to March 2, 1927. The failure to give said instruction, as asked, is also urged as error in the motion for a new trial. The court did incorporate in his instructions the thought contained in the requested instruction, by telling the jury that, by reason of the execution of said note, the law presumes that a settlement was made between the parties on that date, and that their mutual claims were merged in the note; and the court added that the burden is upon the claimant to show, by a preponderance of the evidence, that there was no such mutual settlement, and that, unless she has so shown, then their verdict should be for the defendant-executor as to the period prior to the date of the execution of said note.

It is a well recognized rule of law that the execution and delivery of a note is prima-facie evidence of the settlement of all existing demands between the parties up to the date of the execution of the note. See 12 Corpus Juris 364; *Grimmell v. Warner,* 21 Iowa 11; *Allen v. Bryson,* 67 Iowa 591; *Clement, Bane & Co. v. Houck,* 113 Iowa 504. The presumption which thus arises is not conclusive, but is rebuttable by the facts and circumstances disclosed by the evidence and the fair inferences

to be drawn therefrom. There is ample evidence in the record from which the jury could well find that the presumption thus arising had been overcome. There is no error at this point of which the appellant can complain.

The appellant contends that the court erroneously permitted the claimant to answer questions over his objections that the witness was incompetent and the interrogatories called for a personal transaction as between the claimant and  the deceased, in violation of the provisions of Section 11257 of the Code, 1927. The appellee contends that the assignment or statement of error in the motion for a new trial is too general to present to the trial court the question now urged by the appellant, and that for said reason the same cannot now be reviewed on this appeal. There are numerous rulings, as disclosed by the record, upon the introduction of evidence, other than those now urged as error by appellant. In his motion for a new trial, the appellant avers:

"The court erred on the trial of the case in admitting evidence on the part of the plaintiff which was objected to by the defendant, as shown by the record and the shorthand notes of the court reporter."

It will be observed that this in no way points out any specific ruling of the court on the introduction of the evidence, but is an omnibus, sweeping statement of claimed error. It does not specify the rulings now complained of, other than as the same are included in the broad, sweeping, quoted allegation.

In support of appellee's contention that the aforesaid statement of error in the motion for new trial is insufficient to present to the trial court the question now urged as error by the appellant, he relies on *Liddle v. Salter*, 180 Iowa 840; and *Feister v. Kent*, 92 Iowa 1. In *Liddle v. Salter*, 180 Iowa 840, the appeal was not perfected within the statutory time for the taking of an appeal from the judgment, but was taken in time for an appeal from the entry of the order overruling the motion for new trial. Therefore, only the errors arising on the ruling of the court in overruling the motion for new trial were considered.

It has been the rule of long standing in this court that an

appeal does not lie from the ruling of the trial court upon the admission or exclusion of evidence. *Richards v. Burden*, 31 Iowa 305; *Siemonsma v. Chicago, M. & St. P. R. Co.*, 137 Iowa 607.

This court has appellate jurisdiction over all judgments and decisions of all courts of record, except as otherwise provided by law. See Section 12822, Code, 1927. This court also has jurisdiction to determine an appeal taken from an order either granting or refusing a new trial. See Paragraph 3, Section 12823, Code, 1927; *In re Estate of Fetterman*, 207 Iowa 252; *Pride v. Inter-State Bus. Men's Acc. Assn.*, 207 Iowa 167. Section 12828 of the Code, 1927, provides:

"The Supreme Court on appeal may review and reverse any judgment or order of the municipal, superior, or district court, although no motion for a new trial was made in such court."

It is the contention of the appellant that a motion for a new trial is not necessary in order to present to this court such errors as are claimed by him to have been made by the trial  court in the rulings on the evidence. In this contention he is correct, when the appeal is taken from the judgment. See *Mueller Lbr. Co. v. McCaffrey*, 141 Iowa 730; *Clement, Bane & Co. v. Drybread*, 108 Iowa 701; *Brown v. Rose*, 55 Iowa 734; *Drefahl v. Tuttle*, 42 Iowa 177; *Delvee v. Boardman*, 20 Iowa 446; *Presnall v. Herbert*, 34 Iowa 539.

The question now confronting us is: Is the appeal to be considered by us as an appeal from a judgment, or only one from the order of the court overruling appellant's motion for  a new trial? If it be the former, then appellant is right in his contention at this point; and if it be the latter, then, in accordance with our holding in *Liddle v. Salter*, 180 Iowa 840, the question which the appellant urges at this point is not before us for review.

Relative to the appeal, it is stated in the abstract:

"On the 7th day of August, 1929, the defendant perfected his appeal to the Supreme Court of the state of Iowa by serving

a proper notice of appeal on the claimant and on the clerk of the district court of Crawford County, Iowa, and filing the same with the clerk of the district court of Crawford County, Iowa.''

It will be noted that it is not shown by the abstract from what, whether the judgment or an order, the appeal was taken. The abstract does not show a judgment or order establishing appellee's claim. It sets out the verdict of the jury, the exceptions to the instructions, and the motion for a new trial, and contains the statement that the exceptions to instructions and motion for a new trial were overruled on the 11th day of June, 1929. It does not purport to set out the judgment entry nor the record of the ruling on the motion for new trial. In *Martin v. Martin,* 125 Iowa 73, *Kennedy v. Citizens' Nat. Bank of Knoxville,* 119 Iowa 123, and other earlier cases, the abstract failed to show a judgment entry, and the appeals were dismissed for lack of jurisdiction to entertain the appeal. Thereafter, there was enacted by the legislature what is known as the ''Peterson Law,'' now Section 12885, Code, 1927, which provides:

''All objections to the jurisdiction of the court to entertain an appeal must be made in written form stating specifically the ground thereof and served upon the appellant or his attorney of record not less than ten days before the date assigned for the submission of the cause.''

There is no motion or objection in written form, as provided for in the quoted section, made by the appellee to the jurisdiction of this court to entertain the appeal. This statute has been construed by us in *Stein v. McAuley,* 147 Iowa 630; *Sawyer v. Iowa Const. Prohibitory Amend. Assn.,* 177 Iowa 218; *Franke v. Kelsheimer,* 180 Iowa 251; *State v. McDougal,* 193 Iowa 286; *National Bank of Milton v. O'Brien,* 196 Iowa 865. Said cases announce the doctrine that, where the abstract shows that a notice of appeal has been served, we indulge the presumption, in the absence of objections complying with the aforesaid statute, that the record presents nothing but that which we have power to review. In *Stein v. McAuley,* 147 Iowa 630, it was suggested in oral argument that the record showed no jurisdiction in this court, for the claimed reason that there was no showing that any judgment or decree had been entered in the case. Referring to the aforesaid statute, we said:

"This statute not having been followed, the point could not be considered, even were there anything in it as disclosed by the abstract."

In *Sawyer v. Iowa Const. Prohibitory Amend. Assn.*, 177 Iowa 218, we declared:

"We think that the Peterson Act * * * has the effect of estopping the appellee from asserting the want of jurisdiction. Having failed to take advantage of the fact, if it be a fact, as required by this section, he must forever hold his peace. A conclusive presumption of jurisdiction obtains against him."

In *Franke v. Kelsheimer,* 180 Iowa 251, we said:

"Under the construction given this statute in *Sawyer v. Iowa Cons. Pro. Amend. Association,* 177 Iowa 218, in the absence of such objections as the statute requires, it is no longer material that the abstract show affirmatively that we have a specified controversy for review. The mere paucity of the recitals in the abstract are no longer of consequence. A notice of appeal having been duly served, we indulge the presumption, in the absence of such objections, that the record presents nothing but that which we have power to review."

Therefore, in accord with our previous pronouncements, the appeal must be considered as an appeal from a judgment or order establishing appellee's claim, and the errors claimed by the appellant to have been made by the trial court relative to the admission of the evidence are properly before us for review, and we proceed to a consideration of the same.

The claimant gave the following testimony:

"Q. You may tell the jury whether or not, on the 3rd day of December, 1923, you left the home with any provisions to be taken over to the place where Mr. Kahl was living. A. You  mean, if I took anything over there? Q. I want to know if you left home with anything in your hands, carrying it, with the intention of going to his shack with it. A. Yes, I did. Q. What is the fact as to whether or not you left the house every day, either with something you were carrying yourself or immediately after the children had left with something

for the purpose of going to his shack? A. Yes. Q. What did you say as to how frequently you did that? A. I did this every day during the four years, or from the time I began until he was taken away, on the 26th day of November, 1927. Q. *Now, you continued this service beginning with the 3rd day of December, 1923, until he was taken away from the town of Schleswig? A. Yes, sir.*"

To the questions propounded, the appellant objected, ·as incompetent, irrelevant, and immaterial; "has no bearing upon any issue in this case, unless the witness carried it to the home of this man Kahl, and if it is designed to cover the transaction by which any articles were delivered to that home, it is a personal transaction with the deceased, and the witness would be incompetent to testify to it."

Proper objection having been made, the provisions of Section 11257 of the Code constitute a prohibition against the. examination of the claimant as a witness in regard to any personal transaction between her and the deceased. The first count of the petition, or claim, is based upon an express contract for services, and the second upon an implied contract for services. Proof of service rendered by the claimant to the deceased was required, in order to recover upon either count. Furnishing meals and rendering service as a practical nurse by the claimant to the deceased necessarily constitute a personal transaction between them. The claimant was permitted by the last interrogatory to say that she "continued this service beginning with the 3rd of December, 1923, until he [the decedent] was taken away ·from the town of Schleswig." At least two parties are · necessarily involved, where service is rendered: one who renders, and the other who receives, the service. Therefore, over the defendant's objection, the plaintiff was examined as a witness in regard to a personal transaction between her and the deceased. The rule of our previous cases is that a claimant seeking to recover against an administrator for work or services performed for the deceased is an incompetent witness to testify as to the service performed, or to any fact which tends to establish an express or implied contract between himself and the deceased. See *Ballinger v. Connable*, 100 Iowa 121; *Peck v. McKean*, 45 Iowa 18; *Smith v. Johnson*, 45 Iowa 308; *Cowan v. Musgrave*, 73 Iowa 384; *Wilson v. Wilson*, 52 Iowa 44; *Herring v. Estate*

*of Herring,* 94 Iowa 56; *Sheldon v. Thornburg,* 153 Iowa 622. Nor may the witness be allowed to testify or do by indirection that which the law says may not be done. See *Watters v. McGreavy,* 111 Iowa 538; *Minion v. Adams,* 181 Iowa 267; *Sheldon v. Thornburg,* 153 Iowa 622; *Hart v. Hart,* 181 Iowa 527.

In justification of the examination, as shown by the interrogatories, the appellee asserts that the statute does not exclude the proof of facts from which an inference as to what was done by claimant for deceased may be drawn. She relies on *McElhenney v. Hendricks,* 82 Iowa 657; *Walkley v. Clarke,* 107 Iowa 451; *Furenes v. Eide,* 109 Iowa 511; *Curd v. Wisser,* 120 Iowa 743; *Graham v. McKinney,* 147 Iowa 164; *Secor v. Siver,* 188 Iowa 1126; *Hayes v. Snader,* 182 Iowa 443; *In re Estate of La Grange,* 191 Iowa 129. Most of these cases hold that the inference may be drawn by the process of elimination, and the same are not analogous to the record in the instant case. If it may be said that the first four interrogatories which the court permitted the claimant to answer do not call for a personal transaction between the claimant and the deceased, then the rest of appellant's objection to the interrogatories propounded is good. The issue was as to whether or not she actually rendered the service. Compensation depended, not on her intention to render service, but on services actually rendered. Proper motion was also made to strike or exclude the answers. It is clearly apparent that the objections to the questions propounded should have been sustained, and the testimony excluded.

It cannot be successfully asserted that the answers to the interrogatories were nonprejudicial, for, as said in *Herring v. Estate of Herring,* 94 Iowa 56:

"When error is shown, prejudice is presumed, and we discover no ground for holding that the presumption is overcome by other evidence."

Because of the error pointed out, the cause is reversed and remanded for a new trial.—*Reversed.*

All the justices concur.