IN RE ESTATE OF MARY M. WALTON.

JOSEPHINE VERONICA FURGASON, Appellant, v. WESLEY L. PAGE, Executor, Appellee.

No. 40976.

OCTOBER 27, 1931.

O. D. Nickle and Cordelia B. Egan, for appellant.

Snyder & Sears, for appellee.

 FAVILLE, C. J.—The decedent, Mary M. Walton, died in the month of January, 1929. The appellee is the executor of her estate. On September 3, 1929, the claimant filed her claim in said estate in the sum of $1500, which amount is alleged to be due the claimant "for personal services done and performed by said claimant for, on account of and in behalf of the said decedent, Mary M. Walton, at her special instance and request." $100 of appellant's claim is for money advanced for food and other materials. The executor filed a general denial. The cause proceeded to trial and at the close of the claimant's testimony the court directed a verdict in behalf of the executor and the claimant has appealed from the judgment dismissing said claim.

The first ground of said motion and the one most relied upon by the appellee is that the claimant alleges that the services were rendered "at the special instance and request of the decedent" and that there is no evidence of such request. Strictness of pleading is not required in matters of this kind involving a claim in probate. Wilson v. Else, 204 Iowa 857. The pleading sufficiently stated a case in *quantum meruit*. There was no proof of any express oral or written contract in regard to the services claimed to have been rendered by the appellant, but it is a well established rule of this court that "where one person renders

services for another which are known to and accepted by him, the law implies a promise on his part to pay therefor.'' This rule was announced at an early date in the case of Scully v. Scully's Executor, 28 Iowa 548, and has been frequently reiterated. See, Shelton v. Johnson, 40 Iowa 84; Cowan v. Musgrave, Ex'r., 73 Iowa 384; In re Estate of Bishop, 130 Iowa 250; Farmer v. Underwood, 164 Iowa 587; In re Estate of Squire, 168 Iowa 597; Snyder v. Nixon, 188 Iowa 779; Hopkins v. Convy, 191 Iowa 402; In re Kahl's Estate, 210 Iowa 903. The evidence was sufficient to take the case to the jury on the question as to whether or not appellant rendered services to decedent with her knowledge and whether the same were accepted by the decedent, and the reasonable value of said services.

The second ground of the motion for a directed verdict was that the claim was barred by the statute of limitations. Appellee does not seriously contend that this ground of the motion was well taken, and therefore we need not discuss it. It is obviously without merit.

■■ Another ground of the motion to direct a verdict was based upon the proposition that the presumption is that the services rendered were gratuitous. No such presumption prevails in this case. The undisputed evidence shows that the claimant and the decedent were not related and were not members of the same family, and therefore the presumption does not prevail. Marietta v. Marietta, 90 Iowa 201; In re Estate of Bishop, supra.

Appellant contends that the court erred in sustaining the appellee's objection to the offer of certain exhibits. These consisted of certain memoranda purported to have been written by the decedent and placed in an envelope and pinned together. The envelope appears to have had the claimant's name on the outside. We have examined these exhibits as set forth in the abstract and find nothing therein that is material to the questions involved in this case. The court did not err in sustaining the objections to them.

■■ Appellant predicates error upon a ruling rejecting testimony as to what the claimant did *after* the death of the decedent in calling an undertaker, securing a minister, etc. This evidence all pertained to matters that took place after the death of the decedent and could not be the basis of recovery on the theory of

*quantum meruit* under appellant's claim for services rendered the decedent during her lifetime.

The main contention upon this appeal is whether or not the court erred in sustaining the appellee's motion for a directed verdict. We are of the opinion that the court erred in sustaining said motion and that the appellant made a case to go to the jury. The judgment appealed from therefore must be, and it is,—Reversed.

EVANS, MORLING, KINDIG and GRIMM, JJ., concur.