IN RE ESTATE OF C. M. KERNDT, also known as CHARLES M. KERNDT, deceased, THEODORE A. KERNDT, executor. ARTHUR M. KERNDT, appellant, v. PAULA KERNDT-ZIRBES, appellee.

No. 49975.

(Reported in 103 N.W.2d 733)

JUNE 14, 1960.

Hart & Hart, of Waukon, for appellant.

Jacobson & Bristol, of Waukon, for appellee.

Frank A. Riser, of Lansing, for Theodore A. Kerndt, executor of said estate.

PETERSON, J.—Charles M. Kerndt was a resident of Lansing, Iowa. He was a widower, ninety years of age. In 1957 he fell in the bank and dislocated his shoulder and it was necessary to take him to a hospital at LaCrosse, Wisconsin, about thirty miles away. He had been there five weeks when he insisted on being taken home. He owned a home at Lansing in which he and his son Theodore A. Kerndt and his son's wife lived.

When his father wanted to come home, Theodore telephoned his sister, Mrs. Zirbes, in Chicago and asked her if she would get their father at LaCrosse and bring him home. She did so, but they only stayed in the home overnight. Theodore told his sister that he could not keep his father in the home "in that condition" and she would have to take him to her home in Chicago. The record is silent as to what the brother meant when he said "in that condition." Mrs. Zirbes took him to Chicago

and kept him for nine months, which were the closing months of his life. He died May 2, 1958.

He left a will and his son Theodore was appointed executor. Outside of some personal bequests he left his property equally to his four children: Theodore, Richard, Arthur and Mrs. Zirbes, share and share alike.

On August 28, 1958, Mrs. Zirbes filed a claim in the estate as follows: "CLAIM OF ESTATE

"To Theodore A. Kerndt Executor of the Estate of Chas. M. Kerndt, deceased, in account with Paula Zirbes, debtor.

"Professional nursing service from August 3, 1957 to May 2, 1958, $850.00. [Duly verified.]"

Theodore A. Kerndt, the executor, filed his final report on July 7, 1959, and in the report he stated with reference to the claim of Mrs. Zirbes and one other claim: "That this executor does not have information or knowledge nor proof sufficient to form an opinion as to the validity of such claims, and therefore denies same, and places said claimants on strict proof thereof."

In addition to the denial of the executor contained in his final report the son Arthur M. Kerndt filed the following: "Come now Hart & Hart and enter their appearance for the legatee Arthur M. Kerndt, and join with the executor in the denial of and objections to the allowance of the claims of Lydia Kerndt and Paula Zirbes."

The claim of Mrs. Zirbes was tried to the court. Objection was duly made on behalf of appellant to the competency of Mrs. Zirbes, which was overruled by the trial court.

The court entered findings of fact and judgment allowing the claim in the amount as filed.

Arthur M. Kerndt appealed and assigned three errors: 1. The court erred in rendering judgment and decree for claimant because there was no evidence that the claimant ever rendered any services to the testator. 2. The court erred in overruling objections and motions to strike urged by appellant to the testimony of claimant. 3. The court erred in basing its ruling on a theory that was never pleaded and on which no evidence was offered.

We will consider errors 1 and 2 together.

I. Claimant was the only witness, and the only testimony appearing in the record in support of her claim is as follows: "I presented a claim for $850. Claim was for nursing service for nine months." She was not a competent witness in view of the provisions of section 622.4, 1958 Iowa Code. This statement involved a transaction with her father. Failure of the trial court to sustain the objection of appellant as to her competency was prejudicial error. The plain provisions of the statute and numerous decisions sustain this position.

The pertinent parts of section 622.4 are as follows: "No party to any action or proceeding, nor any person interested in the event thereof, * * * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased. *.* *." Wilson v. Wilson, 52 Iowa 44, 2 N.W. 615; Cowan v. Musgrave, 73 Iowa 384, 35 N.W. 496; Herring v. The Estate of Herring, 94 Iowa 56, 62 N.W. 666; Ballinger v. Connable, 100 Iowa 121, 69 N.W. 438; Sheldon v. Thornburg, 153 Iowa 622, 133 N.W. 1076; Yoder v. Engelbert, 155 Iowa 515, 136 N.W. 522; In re Estate of Kahl, 210 Iowa 903, 232 N.W. 133; Griffith v. Portlock, 233 Iowa 492, 7 N.W.2d 199; Maasdam v. Estate of Maasdam, 237 Iowa 877, 24 N.W.2d 316; In re Estate of Smith, 240 Iowa 499, 36 N.W.2d 815, 8 A. L. R. 2d 640; In re Estate of Fili, 241 Iowa 61, 40 N.W.2d 286.

This action is at law. It is not triable de novo. If there was sufficient evidence to sustain the claim of appellee, although disputed, and considering the evidence in the light most favorable to appellee, the findings of fact of the trial court would be binding upon this court. However, since we cannot consider the one and only statement in the evidence as to nursing, the result is there is no evidence in the record to sustain the findings of fact of the trial court.

In re Estate of Kahl, supra (page 911 of 210 Iowa), we said: "Furnishing meals and rendering service as a practical nurse by the claimant to the deceased necessarily constitute a personal transaction between them. * * * At least two parties are necessarily involved, where service is rendered: one who

renders, and the other who receives, the service. * * * The rule of our previous cases is that a claimant seeking to recover against an administrator for work or services performed for the deceased is an incompetent witness to testify as to the service performed, or to any fact which tends to establish an express or implied contract between himself and the deceased."

Maasdam v. Estate of Maasdam, supra, was an action where a daughter filed a claim against her deceased father's estate for recovery on quantum meruit for services rendered the father. The court said at page 886 of 237 Iowa: "But the fact that she sued upon a quantum meruit does not avoid or lessen the burden and necessity of meeting the demands of section 11257 of the Code of 1939 [now section 622.4]. * * * In seeking to prove any such arrangement the section must not be violated."

Herring v. The Estate of Herring, supra, was a claim of a brother-in-law against the estate of the widow of his brother for services rendered and some cash items paid out. There was a verdict for plaintiff which was reversed. The court stated at page 59 of 94 Iowa: "* * * the ruling of the court cannot be sustained. It is in direct conflict with the cases of Peck v. McKean, 45 Iowa 18; * * * Wilson v. Wilson, 52 Iowa 44 [2 N.W. 615], and other cases in this court in which the rule has been established that, where it is sought to recover against an administrator for work or services performed with the knowledge or assent of the deceased, the party seeking to recover cannot testify as a witness that he performed the work or services."

In Griffith v. Portlock, supra (page 495 of 233 Iowa), we said: "Claimant and his wife were incompetent under section 11257, Code, 1939 [now 622.4], to testify to the expenditures for improvements made by claimant for decedent or to any fact which tends to establish an express or implied contract between claimant and decedent."

In In re Estate of Smith, supra (page 503 of 240 Iowa), the court said: "Claimant, being a party to this action and also interested in the event thereof, was incompetent to testify, and was not permitted, under section 622.4, Code of 1946, to testify

to any of the matters alleged which were communications or personal transactions with deceased."

II. Claimant also testified: "My father stayed with me the last nine months of his life." Testimony as to when a person since deceased arrived in a home or left the home or was an occupant has been approved as not contrary to the dead man statute. Yoder v. Engelbert, 155 Iowa 515, 517, 136 N.W. 522; Hayes v. Snader, 182 Iowa 443, 451, 165 N.W. 1041.

Yoder v. Engelbert, supra, said: "* * * plaintiff and his wife were permitted to testify to the times or dates when he came and went, and when he made visits to other places and was absent from the home of the plaintiff."

In Hayes v. Snader, supra, this court said: "If the duration of the visits of deceased may be testified to by the plaintiff, that is so because such testimony does not state anything said or done between plaintiff and the deceased."

However, the admissibility of evidence as to the fact that decedent stayed at claimant's home is not evidence as to nursing service. To sustain appellee's claim, such service must be shown by a competent witness, or witnesses.

Appellee contends this evidence is sufficient to create an inference sustaining her position. Inferences have been approved when there is a foundation supporting them. O'Dell v. O'Dell, 238 Iowa 434, 26 N.W.2d 401, and many cases cited.

The mere presence of claimant's father in her home does not create an inference of nursing. Inferences can assist in establishing a basic fact, but they cannot in and of themselves create evidence.

III. As to the third alleged error, concerning the form of the claim, we have often held the strictness of pleading required in a petition at law, or in equity, is not required as to a claim in probate. Harrison v. Harrison, 124 Iowa 525, 100 N.W. 344; Craig v. Estate of Craig, 167 Iowa 340, 149 N.W. 454; Thompson v. Romack, 174 Iowa 155, 156 N.W. 310; Newell v. Estate of Newell, 198 Iowa 710, 200 N.W. 238; Wilson v. Else, 204 Iowa 857, 216 N.W. 33; In re Estate of Walton, 213 Iowa 104, 238 N.W. 577; Shoberg v. Rock, 230

Iowa 832, 298 N.W. 834; Maasdam v. Estate of Maasdam, supra.

In Newell v. Estate of Newell, supra (page 712 of 198 Iowa), we said: "* * * it is not necessary that a claim in probate be stated with the same fullness and particularity as a petition in an ordinary case, * * * liberality is indulged in stating a claim in probate."

In Maasdam v. Estate of Maasdam, supra (page 885 of 237 Iowa), the court said: "This court has long recognized that technical nicety and strictness of pleading and strict conformity of proof to allegations are not required in probate proceedings." (Eleven citations)

In this case the claim is stated with sufficient fullness. It is proof of the claim by competent witnesses which is lacking.

The decision and judgment of the trial court is reversed and the case is remanded for a new trial.—Reversed and remanded.

All JUSTICES concur except OLIVER, J., not sitting.