Clinton Bridge Works, Appellant, v. Paul N. Kingsley et al., Appellees.

APPEAL AND ERROR: Notice of Appeal—Sufficiency. A notice of appeal is all-sufficient, when it recites the title as in the trial court, specifies the date of the judgment appealed from, and is signed by a party in his *individual* name, with undisputed showing, by amended abstract, that such signer was the attorney for appellant in both the trial and appellate court. (See Sec. 4139, Code Supp., 1913.)

APPEAL AND ERROR: Notice of Appeal—Irregular Recital. A recital in the abstract that the notice of appeal was filed in the office "*of said court*," instead of "in the office of the clerk of the court," is a harmless irregularity.

BONDS: Actions—Beneficiary by Reference. A subcontractor who has furnished material to a public contractor may maintain an action on the performance bond given *to the public corporation*:

1. When the bond *by reference* makes the contract a part thereof.

2. When the contract *by reference* makes certain instructions to bidders a part thereof.

3. When the instructions to bidders require a bond to protect subcontractors.

PRINCIPAL AND SURETY: Liability of Surety—Unnamed Beneficiary. A subcontractor may maintain an action on the performance bond of a public contractor, when such bond is conditioned "to discharge all lienable claims that may be due to any person," even though such bond runs only *to the public corporation.*

BONDS: Actions—Subsequent Bond Affecting Prior Bond. Rights of a subcontractor fully vested under one bond cannot be affected by the giving of a subsequent bond less comprehensive in its conditions.

*Appeal from Story District Court.*—R. M. Wright, Judge.

January 26, 1920.

The defendant Kingsley contracted with the defendant county to build specified bridges for it. The appellant

Bridge Works furnished Kingsley labor and material used in that work, and Kingsley failed to pay therefor. The defendant Accident Company executed a bond, running nominally to the defendant county. The defendant Indemnity Company is, if liable at all, liable because it is the successor of the company that gave said bond. The appellant seeks to make the Accident Company liable on said bond, because the same undertook to make good the defaults of Kingsley. The trial court ruled that the bond did not create an obligation which the Bridge Works may enforce. The Bridge Works appeals.—*Reversed.*

*Bert B. Welty* and *E. L. Miller,* for appellant.

*E. H. Addison,* for appellees.

SALINGER, J.—I. In an amendment to abstract, the appellant sets forth the notice of appeal. Several objections are made thereto by the appellees, and they insist that the appeal must be dismissed for want of jurisdiction. One specification is that the notice fails to identify the case wherein it is given, and to identify the judgment. We find no merit in the contention. The abstract sets forth that the suit dealt with is one in the district court of Iowa, in and for Story County; it sets forth the full title of the cause, both as to plaintiffs and defendants, and recites that it appeals from a judgment of that court rendered in favor of the named defendants. Where, for any reason, it may not be presumed an appeal was taken from the final judgment, and the record reveals but one other matter from which appeal would lie, it will be held that the appeal is from this later matter. *Gibson v. Iowa Legion of Honor,* 178 Iowa 1156. There can be no reasonable claim that the cause is not sufficiently identified. As to the failure to identify the judgment, the thought of the appellee seems to be that there is such failure because the notice recites that the appeal is from a judgment rendered at the March term,

1. APPEAL AND ERROR: notice of appeal: sufficiency.

1917, of said court, with the further statement that it was rendered on the 10th of February, 1917. The thought of appellees is that there can be no March term, 1917, in February, 1917. It is quite evident the notice is but mistaken as to the term. But that is not vital, especially where it is correctly recited on what day of what year the judgment was rendered; and that much is done.

### 1-a

It is further contended that jurisdiction is lacking because the notice is signed "Bert B. Welty, E. L. Miller," without the addition of the words, "Attorneys for appellant." In fewer words, the point made is that the signature of names as individuals will not constitute a good notice of appeal, even though those individuals happen to be the attorneys for the defeated party who is appealing.

An amendment to the abstract of appellant, which is not challenged, sets out the following recital or certificate:

"That Bert B. Welty and E. L. Miller, who signed the said notice of appeal, were attorneys of record for the appellant in the trial of said cause in the district court, as well as in the Supreme Court of the state of Iowa, as shown by the original notice, petition, and other papers on file in said cause in the office of the clerk of the district court of Story County, Iowa."

The record shows that this recital is true, and, as said, it has not been challenged by amendment or denial. It is no strain to hold, in such circumstances, that the signature made is that of attorneys for appellant, rather than signatures of the individual signers. We are disinclined to hold that our jurisdiction has been defeated because there was failure to add to the signatures the conceded fact that they were made as attorneys for the appellant. Indeed, we think that *Sawyer v. Iowa C. P. A. Assn.*, 177 Iowa 218, at 224, would rule this point, even if said certifi-

cate had not been put before us by said amendment to abstract. In the *Sawyer* case, we hold that mere paucity in recital must be met by amendment, and cannot be relied upon to defeat the appellate jurisdiction; that nothing but recitals affirmatively showing want of jurisdiction will suffice to defeat it; that the statute which requires the challenge of jurisdiction to be made in a stated manner and in stated time has for its main object that the appellant may more fully set forth the record as to jurisdictional facts, if that can be done. In this case, there was no affirmative statement that the notice of appeal was not signed by the attorneys for the appellant: the most that appeared before the abstract was amended is a failure to show that Welty and Miller, whose names were signed to the notice, had signed it as attorneys. In other words, while it might be true that they signed in their individual capacity, the face of the record did not show that they so signed, and that the most that can be said is that there was a failure to show affirmatively that the men who signed, though they were the attorneys for the appellant, had signed as such attorneys,—a failure to add the descriptive words "Attorneys for appellant." As we view it, this brings the case squarely within the rule of the *Sawyer* case.

### 1-b

It is suggested (it can hardly be said to be asserted, the jurisdiction fails because the abstract recites merely that the notice of appeal was filed in the office "of said court." Section 4115 of the Code of 1897 provides the notice shall be filed "in the office of the clerk of the court." Counsel for appellee say that Jones, Iowa Supreme Court Practice, 45, 46, supports such attack as is here suggested. It is, however, finally conceded that, probably, this exhibits a mere irregularity, and we so hold.

2. APPEAL AND ERROR: notice of appeal: irregular recital.

II.   The pleadings of the plaintiff make the claim that

the bonds executed by defendant Surety Company under-
took to assure the faithful performance of the contract
which Kingsley had made with the county;
3. BONDS: actions: that the bonds make this contract a part of
beneficiary by
reference.        the bonds; and that the contract so includ-
ed in turn includes the instructions to bid-
ders and the 1914 standard specifications of the State High-
way Commission.  By sustaining demurrer to these plead-
ings, the trial court held that, because the bond ran to the
county, and did not in terms name subcontractors who
furnished Kingsley with material to carry out the contract,
therefore the plaintiff, who was such materialman or sub-
contractor, could not recover on the bond.

The defendant Accident Company execured two bonds.
In terms, neither bond runs in favor of anyone except Story
County and its board of supervisors and representatives.
The first bond was signed on the 17th of March, 1915, and
its obligation is this:

"The condition of this obligation is such that whereas
the above-bounden Paul N. Kingsley as principal did on
the 6th day of February, 1915, enter into a written contract
with the board of supervisors of Story County, Iowa, to
construct concrete culverts and bridges and one steel bridge,
copy of which contract together with all of its terms, cove-
nants, conditions and stipulations is incorporated herein
and made a part hereof as fully and amply as if said con-
tract was recited at length herein—now, therefore, if the
said Paul N. Kingsley as principal shall in all respects ful-
fill his said contract according to the terms and tenure
thereof and shall (in all respects) faithfully discharge the
duties and obligations therein assumed then the above ob-
ligation is to be void and of no effect otherwise to be and
remain in full force and virtue in law."

Beyond all dispute, this bond obligates its maker to
make good any breach of the contract made by Kingsley

with the county. The sole question, then, is whether it can fairly be said that Kingsley contracted with the county that he would pay the just claims of anyone who would furnish labor or material to build the bridges which Kingsley had agreed to build. If Kingsley did so contract, then this bond can be asserted by the plaintiff, though the bond runs, in terms, to the county only. Not because plaintiff is named in the bond, but because a condition of the Kingsley contract has been broken, and the bond has undertaken to reimburse for any and every breach of that contract. That is the holding of *Haakinson & Beaty Co. v. McPherson,* 182 Iowa 476. The appellees say that the *Haakinson* case is not applicable, because of difference in facts and in legal questions, and that, moreover, if appellee correctly understands that case, it is not supported by the previous decisions of this court that are cited in appellee's brief. We are of opinion that the *Haakinson* case is applicable here, and are unwilling to hold that it conflicts with any prior decisions in this court. We adhere to its pronouncements. However, the *Haakinson* case is not the only authority that passes upon this point. In *Jordan v. Kavanaugh,* 63 Iowa 152, we held that the rules of construction require that the bond and the other writings shall be read together, in determining the undertaking of the obligors. The whole of the writings must be considered in determining the meaning of any part of it. *Corbett v. Berryhill,* 29 Iowa 157; *United States v. American Surety Co.,* 200 U. S. 197; *Kauffman v. Raeder,* 47 C. C. A. 278. Where the bond is executed and refers to the contract attached to the bond which is declared to be a part of it, and it is the undertaking of the bond that the principal will well and truly comply with the said contract in the time and manner therein provided, all these papers must be read together. 2 Parsons on Contracts 503. The contract of employment should be read with the bond which secures it; and, where the contract

makes the plans and specifications a part thereof, the sureties on the bond are bound by the specifications. 32 Cyc. 73. If the two papers, fairly construed together, show the obligation on part of the contractor to pay the subcontractor for material put into the contract work, then, if the bond is an undertaking to make good any loss suffered by any breach of the contract, the subcontractor may sue and recover on the bond. *Hay v. Hassett,* 174 Iowa 601. If, on fair construction, it is found to be intended, by a bond given to a county or other municipal corporation, that persons not named are intended to be secured by the instrument, then anyone who has sustained an injury by breach of the contract to secure which the bond is given, may, under the statute, maintain suit on the bond. Code Section 3467. And see *Home S. & T. Co. v. District Court,* 121 Iowa 1, at 11. And if the question is in doubt, and the writings are reasonably susceptible of two constructions, the one that is favorable to the obligee, rather than the one favorable to the surety, shall be adopted. *Shorthill v. Aetna Indemnity Co.,* (Iowa) 124 N. W. 613 (not officially reported).

III. Does the contract have an agreement that the material shall be paid by the contractor? If it has, that agreement has been breached, and the plaintiff may recover on the bond. This contract has a general provision that the instructions to bidders and the plans and specifications on file with the auditor by true copy are part of the contract, as fully as though therein set out in full. It has a provision that the contract shall include the proposal, the instructions to bidders, and the 1914 standard specifications of the state highway commission. It has a provision that the plans and specifications are part of and the basis of the contract. The contract stipulates that the board may require the contractor to furnish a list of all persons furnishing labor or materials, and evidence that such per-

sons have been paid in full.   In the instructions to bidders, there is a stipulation that the successful bidder must furnish a bond for 50 per cent of the contract price, which shall be drawn to protect the county and any subcontractor.

It may be conceded that the face of the bond contains neither an express nor an implied promise to assure payment by the contractor to materialmen.   But we are of opinion that, when the bond which secures the contract of Kingsley, that contract, and the things that the contract makes part of the contract, are read together, as they should be, the proof shows an express promise that any materialman who furnished labor or material in aid of the contract made by Kingsley shall be paid for such labor or material if Kingsley fails to pay therefor.   Kingsley failed to pay.   So far as the first bond, then, is concerned, the court erred in holding that, on the facts pleaded in the petition, plaintiff had no right to recover on said bond.

Appellees suggest that a promise to make a bond with certain conditions is not available to base a recovery upon a bond which omits to include such conditions, and that the board of supervisors had the right to waive the promise, and to accept a bond which did not conform to the promise. The answer is that there is no occasion to pass upon whether waiver by the board has confronted this plaintiff with a bond on which he may not recover; for we hold that the bond which the board did accept does contain an obligation upon which the plaintiff may recover.

IV.   But it is further pleaded that Kingsley was unable to complete his work by contract time, and that he asked and it was deemed necessary to grant him an extension of time longer than 60 days.   When the board of supervisors granted this extension of time, it demanded an additional bond from Kingsley, and the defendant accident company, on December 14, 1915, did

4. PRINCIPAL AND SURETY: liability of surety: unnamed beneficiary.

execute such bond. In all essential respects, the second bond differs from the first in but one particular, and that is that, in this last bond, the obligation is to be bound for any failure of the principal "to discharge lienable claims that may be due to any person, etc., for labor or material." We hold that the second bond, as well as the first, binds the maker of the bond to subcontractors, though they are not named in the bond.

The one question raised by the giving of the second bond is what effect shall be given to the fact that, while the first bond covers any breach of contract by Kingsley, the last one binds the surety to nothing more than to make good the failure of Kingsley to discharge lienable claims. The record shows the plaintiff had furnished the material it makes claim for before the second bond was executed. If that be so, then surely the second bond took away no right to indemnity given by the first bond. If the first bond makes the bondsmen liable to this plaintiff, even though it had no lienable claim, a bond later made, which is limited to make good default as to lienable claims only, cannot affect the indemnity given by the earlier contract of suretyship, which is not limited to lienable claims. What is more, on the very day the new bond was given, the surety company stipulated with Kingsley that it was a bondsman on the bond executed earlier; that an extension of time had been granted to complete the work under the contract; and that this extension should work no release from liability under said first-named bond.

5. BONDS: actions: subsequent bond affecting prior bond.

In view of the conclusions reached, there is no occasion to determine whether the surety company has estopped itself to deny liability.—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.