N. P. CARL et al., Appellants, v. MODERN BROTHERHOOD OF AMERICA et al., Appellees.

APPEAL AND ERROR: Nontimely Appeal. An appeal will be dismissed, when the record affirmatively shows that it was not perfected within statutory time.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

SEPTEMBER 29, 1920.

FOR reasons that will appear in the opinion, it is not required that any preliminary statement be made at this point.—*Dismissed*.

*E. C. Barber, G. P. Linville,* and *H. W. Wieman,* for appellants.

*Grimm, Wheeler, Elliott & Jay, E. A. Johnson, Geo. W. Miller,* and *Sam Sparrow,* for appellees.

SALINGER, J.—I. The abstract discloses that the plaintiffs, appellants, are members of the defendant society, the Modern Brotherhood of America. They challenge the legality and validity of certain increases in insurance rates, enacted at certain supreme conventions of the society. They complain of various alleged illegal conduct of the defendant officers and directors. Upon this paper issue was joined. One defense was the claim that plaintiffs were estopped by former adjudications. The record shows these pleas in estoppel were sustained by the trial court, except as to certain matters reserved for future determination. After entry of decree, the plaintiffs petitioned the trial court for a rehearing. This petition was overruled. Thereafter, the plaintiffs perfected the appeal we are now considering.

Unless appeal be perfected within statute time, we have no jurisdiction over the subject-matter. We are constrained to dismiss this appeal, because the abstract filed by the appellants shows affirmatively that appeal was not perfected within statute time.

The decree appealed from was entered September 29, 1917. On October 10, 1917, a motion for rehearing was filed. This was overruled on October 25, 1917. Granting, for the sake of argument, that the time to appeal did not run until this overruling, even then appeal must be perfected within six months from that date. And it was not.

On page 243 of appellant's abstract, there is this recital: "That, on the 27th day of May, 1918, the plaintiffs perfected their appeal to the Supreme Court of the state of Iowa by securing accepted service on defendants by their attorneys and the clerk of said district court, state of Iowa, in and for Linn County, of notice of appeal, and the same was on said date filed with the clerk accordingly."

More than seven months intervene between October 25, 1917, and May 27, 1918. Here is no case for mere paucity —no mere failure to aver jurisdictionals. There is an affirmative admission that appeal was not taken in time. Hence, cases such as *Sawyer v. Iowa C. P. A. Assn.*, 177

Iowa 218, and *Clinton Bridge Works v. Kingsley,* 188 Iowa 218, do not apply. And the first-named case does not control, because the print of appellee asserts that, "upon the face of the record, this court has no jurisdiction of the appeal herein."

We are compelled to order that this appeal be—*Dismissed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.